<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| TAKARA BEY,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>THE SUPERIOR COURT OF NEW JERSEY; ABRAHAM KINSTILINGER, ESQ.; and ROSE TERRACE HOLDINGS LLC,<br><br>　　　　　　　Defendants. | Case No. 2:23-cv-03376 (BRM)(ESK)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* Plaintiff Takara Bey's ("Plaintiff") Complaint and request for a temporary restraining order (ECF No. 1), as well as her Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1-1). Both were docketed on June 21, 2023, and are before this Court on an expedited basis.

When a non-prisoner seeks to proceed IFP under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his assets and attests to the applicant's inability to pay the requisite fees. *See* 28 U.S.C. § 1915(a); *Stamos v. New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) ("While much of the language in Section 1915 addresses 'prisoners,' section 1915(e)(2) applies with equal force to prisoner as well as nonprisoner *in forma pauperis* cases."); *Roy v. Penn. Nat'l Ins. Co.*, No. 14–4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (citations omitted). The decision

whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

Having reviewed Plaintiff's IFP application, the Court finds leave to proceed IFP is warranted and the application is **GRANTED**. Therefore, the Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Having reviewed Plaintiff's filings and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Plaintiff's Complaint is **DISMISSED**.

## I.   LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a litigant proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B); *Stamos v. New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) (applying § 1915 to nonprisoners). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id*. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do.'" *Id*. In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). All pleadings are likewise required to meet the pleading requirements of Federal Rule of Civil Procedure 8 (requiring, as to complaints, "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought"). *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (noting the complaint must "provide the opponent with fair notice of a claim and the grounds on which that claim is based").

## II.   DECISION

Plaintiff alleges the attorney for Rose Terrace Holdings LLC ("Rose Terrace")[1], Abraham Kinstilinger, misrepresented a document to her "for her signature . . . in attempt to deprive [her] of [her] rights of being secure in [her] home and [her] rights of due process before the proper venue that handles real estate issues and land controversies such as this District Court." (ECF No. 1 at 3.) Judge Stephen L. Pedrillo of Essex County Superior Court "signed the misrepresented document and closed the case" without her being present. (*Id.*) Plaintiff seeks relief from Mr. Kinstilinger, Rose Terrace, Judge Pedrillo, and the Superior Court of New Jersey, Essex County, Civil Division ("Superior Court") (collectively, "Defendants"), contending she suffered damages

---

[1] Plaintiff does not specify Rose Terrace's relationship to her or her residence.

caused by Defendants' negligent and intentional infliction of emotional distress. (*Id.* at 4.) She maintains she was unable to "perform [her] job duties as a security guard properly" due to the emotional distress "naturally caused when a person [sic] home is being threatened." (*Id.*)

Plaintiff seeks relief in the form of: (1) a temporary restraining order ("TRO") against the Superior Court and its employees and officers, "[i]ncluding" Mr. Kinstilinger, Rose Terrace, and Rose Terrace's employees or agents; (2) a permanent order of protection from Rose Terrace and Mr. Kinstilinger; and (3) an order for monetary compensation in the amount of $31,237.00, "which is the amount . . . Rose Terrace attempted to defraud me of when the filed the two erroneous cases against me at the Superior Court." (*Id.*)

A review of the complaint does not reveal sufficient allegations for this Court to determine whether it has jurisdiction, let alone whether Plaintiff "states a claim upon which relief may be granted." 28 U.S.C. § 1915. For example, Plaintiff alleges this Court has jurisdiction based on her allegations of federal causes of action.[2] Plaintiff confusingly cites to 18 U.S.C. § 242 – Deprivation of Rights Under Color Of Law, which is a criminal statute. This Court's jurisdiction with respect to federal questions is limited to "all *civil* actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). Therefore, to the extent Plaintiff asks this Court to enforce 18 U.S.C. § 242 in Plaintiff's civil suit against Defendants, it does not have jurisdiction to do so.

Even construing *pro se* Plaintiff's complaint liberally, *see Mala*, 704 F.3d at 245, Plaintiff's conclusory contention that she was deprived of her rights to be secure in her home and for due process of law in a proper venue is unsupported by her allegations. Rather, Plaintiff alleges fraud

---

[2] Plaintiff does not contend this Court has diversity jurisdiction, nor do the allegations in the Complaint support it.

(and does so insufficiently under Fed. R. Civ. P. 9) and fails to allege facts showing in what way she was "deprived" of her home. Indeed, the nature of the underlying claims are unclear, as Plaintiff fails to state what type of document was misrepresented to her and in what way, fails to identify or describe the document signed by Judge Pedrillo,[3] does not allege that she was evicted or the otherwise deprived of her home,[4] and does not clearly state the date on which the incidents occurred.[5] The bare-boned allegations regarding the "misrepresented document" are insufficient to establish subject matter jurisdiction or for the Court to find Plaintiff stated a claim upon which relief may be granted.

Plaintiff's request for restraining orders is likewise denied. Even assuming this Court has jurisdiction, Plaintiff must show the following to obtain such relief:

> (1) a reasonable probability of eventual success in the litigation, and
> (2) that it will be irreparably injured . . . if relief is not granted. . . .
> [In addition,] the district court, in considering whether to grant a
> preliminary injunction, should take into account, when they are
> relevant, (3) the possibility of harm to other interested persons from
> the grant or denial of the injunction, and (4) the public interest.

*Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (quoting *Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)). Plaintiff bears the burden of establishing "the threshold for the first two 'most critical' factors . . . . If these gateway

---

[3] To the extent Plaintiff seeks a review or appeal of a state court order or judgment, that claim is improper in the District Court. *Wharwood v. Wells Fargo Bank NA*, No. 20-3449, 2021 WL 4438749, at *2 (3d Cir. Sept. 28, 2021). To the extent Plaintiff is attempting to allege that Judge Pedrillo is liable for damages, he is immune from suit for money damages in his official capacity. *Stump v. Sparkman*, 435 U.S. 349, 355–56, 98 S. Ct. 1099, 1104, 55 L.Ed.2d 331 (1978).

[4] Even if she did, it is not clear from the complaint that this Court has subject matter jurisdiction.

[5] The complaint indicates "May 10, 2023 at approximately 1:00pm," but it is unclear whether that time and date is referring to the alleged misrepresentation by Mr. Kinstilinger, the signing of the allegedly misrepresented document by Judge Pedrillo, or both.

factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179. Having reviewed Plaintiff's complaint and request for injunctive relief, the Court does not find a reasonable probability of eventual success in the litigation[6] and finds no irreparable injury warranting immediate action.[7] Accordingly, Plaintiff's request for restraining orders is denied.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed IFP is **GRANTED**. The complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety for lack of subject matter jurisdiction and for failure to state a claim. Plaintiff's request for injunctive relief is **DENIED**, and this matter shall be marked **CLOSED**. Plaintiff has 30 days to file an amended complaint curing the deficiencies addressed herein. Failure to do so will result in the matter being dismissed with prejudice without further action from this Court. An appropriate Order follows.

Date: June 27, 2023

*/s/Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[6] For the reasons set forth above.

[7] Plaintiff fails to include what form of injunctive relief she is seeking. (*See* ECF No. 1 at 4.)