<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| TAKARA BEY, | Case No. 2:23-cv-03376 (BRM)(LDW) |
| Plaintiff, | **OPINION** |
| v. | |
| THE SUPERIOR COURT OF NEW JERSEY; ABRAHAM KINSTILINGER, ESQ.; and ROSE TERRACE HOLDINGS LLC, | |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* Plaintiff Takara Bey's ("Plaintiff") Amended Complaint[1] and request for a temporary restraining order ("TRO")[2]. (ECF No. 7.) Having previous granted Plaintiff leave to proceed *in forma pauperis*[3] (ECF No. 3–4), the Court is required to screen Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Having reviewed Plaintiff's filings and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for

---

[1] On November 17, 2023, Plaintiff filed another complaint, Case No. 23-22522, which appears to be related but names different defendants and allegations. The Court will address that matter separately.

[2] Under the section for "Relief" in the form amended complaint, Plaintiff summarily states she seeks "[a] TRO in [her] favor to stop the continuance of the title 18 section 242 deprivation of rights and order to vacate warrant of eviction that resulted from U.S.C. Title 18 section 242 – Deprivation of Rights under color of law." (ECF No. 7 at 4.)

[3] Plaintiff also filed a second application to proceed *in forma pauperis*. (ECF No. 7-1.) Her first application, filed on June 14, 2023, was granted on June 27, 2023. (ECF No. 3–4.) Accordingly, her application is moot.

the reasons set forth below and for good cause appearing, Plaintiff's Amended Complaint is **DISMISSED**.

## I.   BACKGROUND

On June 27, 2023, the Court screened and dismissed Plaintiff's Complaint. In her original complaint, Plaintiff alleged the attorney for Rose Terrace Holdings LLC ("Rose Terrace")[4], Abraham Kinstilinger, misrepresented a document to her "for her signature . . . in attempt to deprive [her] of [her] rights of being secure in [her] home and [her] rights of due process before the proper venue that handles real estate issues and land controversies such as this District Court." (ECF No. 1 at 3.) She further alleged Judge Stephen L. Pedrillo of Essex County Superior Court[5] "signed the misrepresented document and closed the case" without her being present. (*Id.*) Plaintiff indicated she suffered damages caused by defendants' negligent and intentional infliction of emotional distress. (*Id.* at 4.)

The Court dismissed that complaint without prejudice for lack of subject matter jurisdiction and failure to state a claim and denied her application for a TRO, finding the Complaint "d[id] not reveal sufficient allegations for this Court to determine whether it ha[d] jurisdiction" or whether Plaintiff stated a claim. (ECF No. 3 at 4 (citing 28 U.S.C. § 1915).) The Court noted Plaintiff relied on federal question jurisdiction, but confusingly cited to 18 U.S.C. § 242 – Deprivation of Rights Under Color Of Law, a criminal statute that cannot serve as the basis for federal question jurisdiction in this civil matter. (ECF No. 3 at 4 (citing 28 U.S.C. § 1331).) Nevertheless, the Court

---

[4] Plaintiff did not specify Rose Terrace's relationship to her or her residence.

[5] The Superior Court was also named as a defendant with little to no allegations made against them.

found her bare-boned allegation were not sufficient to state a claim, and for the same reasons, denied her application for a TRO.

The Court granted Plaintiff leave to file an amended complaint curing the deficiencies raised in the opinion. (ECF No. 3–4.) Plaintiff timely filed her amended complaint, which, overall, included fewer allegations than her original complaint, but adds the allegation that "the Superior Court of New Jersey Essex County issued a warrant without the due process of law." (ECF No. 7 at 3.) The Court now screens the Amended Complaint.

## II.   LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a litigant proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B); *Stamos v. New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) (applying § 1915 to nonprisoners). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id*. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of her Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do.'" *Id*. In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). All pleadings are likewise required to meet the pleading requirements of Federal Rule of Civil Procedure 8 (requiring, as to complaints, "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought"). *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (noting the complaint must "provide the opponent with fair notice of a claim and the grounds on which that claim is based").

## III.   DECISION

Plaintiff's Amended Complaint is dismissed and her application for a TRO is denied for the same reason as the dismissal of the original Complaint. Plaintiff continues to rely on criminal statute 18 U.S.C. § 242 – Deprivation of Rights Under Color Of Law as a basis for this Court's jurisdiction over a civil case. As previously explained (ECF No. 3 at 4 (citing 28 U.S.C. § 1331)), this Court's jurisdiction with respect to federal questions is limited to "all civil actions arising under the Constitution, laws, or treaties of the United States." (*Id.*)

To the extent Plaintiff contends a warrant was issued without due process of law (ECF No. 7 at 3), and to the extent the Court could liberally construe *pro se* Plaintiff's Amended Complaint to assert a 4th Amendment claim, *see Mala*, 704 F.3d at 245, Plaintiff fails to provide specific

allegations in support of her claim. For example, she does not provide factual allegations regarding the issuance of the warrant, what the warrant was for, or in what ways it was issued "without due process of law." (*See* ECF No. 7 at 3.) Her conclusory statement that an improper warrant was issued is not sufficient for this Court to find she stated a claim, let alone find this Court has subject matter jurisdiction.

Plaintiff's request for restraining orders is again denied, for the reasons set forth in this Court's prior opinion. The Court does not find a reasonable probability of eventual success in the litigation and finds no irreparable injury warranting immediate action. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (quoting *Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)).

Moreover, Plaintiff seeks an "order to vacate warrant of eviction"[6] that resulted in her alleged deprivation of rights under criminal statute 18 U.S.C. § 242. As noted in the prior opinion, "[t]o the extent Plaintiff seeks a review or appeal of a state court order or judgment, that claim is improper in the District Court." (ECF No. 3 at 5 n.3 (citing *Wharwood v. Wells Fargo Bank NA*, No. 20-3449, 2021 WL 4438749, at *2 (3d Cir. Sept. 28, 2021)).)

## IV.   CONCLUSION

For the reasons set forth above, the Amended Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety for lack of subject matter jurisdiction and for failure to state a claim. Plaintiff's request for injunctive relief is **DENIED**, and this matter shall be marked **CLOSED**. Plaintiff has until June 17, 2024, to file a **final** amended complaint curing the deficiencies

---

[6] This is the only time Plaintiff references eviction and does not provide further details.

addressed herein. Failure to do so will result in the matter being dismissed with prejudice without further action from this Court. An appropriate Order follows.

Date: May 16, 2024

*/s/Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**